RE: OPINION REQUEST CONCERNING EMERGENCY MEDICAL SERVICE DISTRICTS
ATTORNEY GENERAL LOVING ASKED ME TO RESPOND TO YOUR REQUEST FOR AN ATTORNEY GENERAL OPINION ASKING THE FOLLOWING QUESTIONS:
 1. ARE EMERGENCY SERVICE DISTRICTS REQUIRED TO PROVIDE SERVICE TO PERSONS OUTSIDE THE DISTRICT?
 2. IF THE ANSWER TO QUESTION NO. 1 IS "YES", MUST THE STATE PROVIDE FUNDING FOR SUCH SERVICES?
 3. IF THE ANSWER TO QUESTION NO. 1 IS "NO", MAY THE STATE BOARD OF HEALTH, BY RULE, REQUIRE EMERGENCY MEDICAL SERVICE DISTRICTS TO SERVE PERSONS OUTSIDE THE DISTRICT?
BECAUSE YOUR QUESTIONS MAY BE ANSWERED BY REFERENCE TO THE OKLAHOMA CONSTITUTION, CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
I. OVERVIEW OF STATUTORY AND CONSTITUTIONAL PROVISIONS PERTAINING TO EMERGENCY SERVICE DISTRICTS
EMERGENCY MEDICAL SERVICE DISTRICTS ARE AUTHORIZED UNDER ARTICLE X, SECTION 9(C) OF THE OKLAHOMA CONSTITUTION. WITH RESPECT TO THE ISSUE OF EMERGENCY MEDICAL SERVICE OUTSIDE OF THE DISTRICT, ARTICLE X, SECTION 9(C) PROVIDES THE FOLLOWING:
(TEXT OF 9(C))
IN ADDITION TO THE CONSTITUTIONAL ESTABLISHMENT OF THESE SERVICE DISTRICTS, THE OKLAHOMA LEGISLATURE PASSED THE OKLAHOMA EMERGENCY MEDICAL SERVICES ACT (THE "ACT") IN 1990, TO ESTABLISH THE EMERGENCY MEDICAL CARE SYSTEM. 63 O.S. 1-2501 (1991). THAT ACT BEGINS WITH A SPECIFIC FINDING THAT OKLAHOMA HAS A SERIOUS EMERGENCY SERVICE SHORTAGE:
(TEXT OF ACT) 63 O.S. 1-2502 (1991).
THE ACT THEN PROVIDES THAT EMERGENCY SERVICE IS GOVERNED BY THE COMMISSIONER OF HEALTH AS DICTATED BY STATUTE. IN PARTICULAR, THE STATE BOARD OF HEALTH HAS "THE DUTY TO PROMULGATE, ADOPT AND PUBLISH RULES AND REGULATIONS TO CARRY OUT THE REQUIREMENTS OF THE OKLAHOMA EMERGENCY MEDICAL SERVICES ACT." 63 O.S. 1-2512
IN ADDITION, (TEXT OF ACT)
63 O.S. 1-2509(A). IN FACT, THE COMMISSIONER OF HEALTH HAS THE AUTHORITY TO REVOKE OR SUSPEND ANY LICENSE AS NECESSARY TO ENFORCE THE ACT. 63 O.S. 1-2509(B).
PURSUANT TO THAT STATUTORY CHARGE, THE STATE BOARD OF HEALTH HAS ADOPTED RULES WHICH GOVERN THE EMERGENCY SERVICE DISTRICTS. THE RULE FOUND AT PART 23, SECTION 310:640-3-120(B) OF THE OKLAHOMA STATE DEPARTMENT OF HEALTH RULES, ADDRESSES THE QUESTIONS THAT YOU HAVE RAISED. IT SETS FORTH THE FOLLOWING REQUIREMENT:
 "ACCEPTANCE OF AN AMBULANCE SERVICE LICENSE CARRIES WITH IT THE REQUIREMENT OF A "DUTY TO ACT". ALL LICENSED AMBULANCE SERVICES SHALL RESPOND WHEN CALLED, REGARDLESS OF THE PATIENT'S ABILITY TO PAY OR OF THE GEOGRAPHICAL FUNDING DISTRICT OR BOUNDARIES."
IN SUMMARY TO THIS POINT, THE COMMISSIONER ISSUES LICENSES TO OPERATE EMERGENCY VEHICLES AND THOSE LICENSES REQUIRE RESPONSE TO CALLS.
IN ADDITION TO THE FOREGOING, THE OKLAHOMA LEGISLATURE REQUIRED THE COMMISSIONER OF HEALTH TO CREATE AND IMPLEMENT THE OKLAHOMA EMERGENCY MEDICAL SERVICES IMPROVEMENT PROGRAM. 63 O.S. 1-2511. PURSUANT TO 1-2511, THE COMMISSIONER OF HEALTH HAS THE RESPONSIBILITY TO ADMINISTER AND COORDINATE STATE EMERGENCY PROGRAMS. 63 O.S. 1-2511(1). FURTHERMORE, THE COMMISSIONER SHALL COORDINATE THE ESTABLISHMENT OF SERVICE DISTRICTS. 63 O.S. 1-2511(3). IN ADDITION, THE COMMISSIONER SHALL:
(TEXT OF ACT)
FINALLY, THE COMMISSIONER SHALL PRESCRIBE THE DUTIES OF EMPLOYEES AS MAY BE NECESSARY TO ADMINISTER THE PROVISIONS OF THE ACT. 63 O.S. 1-2511(11).
THE FOREGOING SUGGESTS SEVERAL CONCLUSIONS. FIRST, THE LEGISLATURE RECOGNIZED THAT OKLAHOMA LACKED AN ADEQUATE EMERGENCY RESPONSE SYSTEM. IN FACT, THE LEGISLATURE FOUND, AS NOTED ABOVE, THAT "THERE IS A CRITICAL SHORTAGE" OF PERSONNEL NECESSARY TO ENSURE THAT THE SICK AND INJURED RECEIVE THE CRUCIAL EMERGENCY CARE NECESSARY TO SAVE LIVES. 63 O.S. 1-2502 (1991). THE STATUTORY EMERGENCY RESPONSE PROGRAM WAS PROMULGATED TO REMEDY THIS PROBLEM. THE LEGISLATURE GAVE THE COMMISSIONER OF HEALTH THE RESPONSIBILITY TO CREATE AND IMPLEMENT THIS PROGRAM. 63 O.S. 1-2511. FURTHERMORE, THE LEGISLATURE ALSO REQUIRED THE STATE BOARD OF HEALTH TO DRAFT RULES TO CARRY OUT THE REQUIREMENTS OF THE OKLAHOMA MEDICAL SERVICES ACT. 63 O.S. 1-2512 (1991).
II. APPLICATION OF THE LAW TO THE OPINION REQUEST
YOUR FIRST QUESTION IS WHETHER EMERGENCY MEDICAL SERVICE DISTRICTS MUST PROVIDE SERVICE TO PERSONS OUTSIDE THE DISTRICT. IT IS THE COMMISSIONER'S DUTY TO CREATE AND IMPLEMENT THE OKLAHOMA EMERGENCY MEDICAL SERVICES PROGRAM. 63 O.S. 1-2510. THE BOARD HAS THE DUTY TO PROMULGATE SUCH RULES AS NECESSARY TO CARRY OUT THE REQUIREMENTS OF THE OKLAHOMA MEDICAL SERVICES ACT. 63 O.S. 1-2512. THE APPLICABLE RULE FOUND AT SECTION 310:640-3-120 OF THE STATE BOARD OF HEALTH RULES PROVIDES AS FOLLOWS:
 "(A)LL LICENSED AMBULANCE SERVICES SHALL RESPOND WHEN CALLED, REGARDLESS OF THE PATIENT'S ABILITY TO PAY OR OF THE GEOGRAPHICAL FUNDING DISTRICT OR BOUNDARIES."
AS A RESULT, BASED ON THIS RULE, THE ANSWER TO YOUR QUESTION IS "YES". THE APPLICABLE RULE, PROMULGATED UNDER THE AUTHORITY OF THE OKLAHOMA MEDICAL SERVICES ACT, REQUIRES SERVICE OUTSIDE OF THE DISTRICT. MOREOVER, THE OKLAHOMA CONSTITUTION EXPRESSLY CONTEMPLATES EMERGENCY SERVICE OUTSIDE THE DISTRICT. ARTICLE X, SECTION 9(C)
YOUR SECOND QUESTION IS WHETHER THE STATE MUST PROVIDE FUNDING FOR SUCH SERVICE. THERE IS NO STATUTORY OR CONSTITUTIONAL PROVISION REQUIRING THE STATE TO PROVIDE SUCH FUNDING. HOWEVER, ARTICLE X, SECTION 9C(I) OF THE OKLAHOMA CONSTITUTION (QUOTED AT THE BEGINNING OF THIS LETTER) SETS FORTH THE MANDATE THAT THE DISTRICT SHALL CHARGE PERSONS SERVED OUTSIDE THE DISTRICT FOR ACTUAL COSTS OF SERVICE. AS A RESULT, THE STATE DOES NOT FUND SUCH SERVICES. TO THE CONTRARY, THE CONSTITUTION REQUIRES THE DISTRICT TO CHARGE RECIPIENTS OUTSIDE OF THE DISTRICT FOR SERVICES RECEIVED.
ATTORNEY GENERAL OPINION NO. 83-088 ADDRESSED THE CONSTITUTIONAL AUTHORITY OF THE EMERGENCY SERVICE DISTRICTS TO OPERATE OUTSIDE THE DISTRICT. THAT OPINION FOUND THAT:
 "AN AMBULANCE SERVICE DISTRICT CREATED PURSUANT TO ARTICLE X, SECTION 9(C) OF THE OKLAHOMA CONSTITUTION HAS THE POWER AND AUTHORITY TO OPERATE OUTSIDE ITS DISTRICT BOUNDARIES PROVIDED THE DISTRICT CHARGES AN AMOUNT EQUAL TO THE ACTUAL COSTS FOR THE SERVICE RENDERED, NOT TAKING INTO ACCOUNT ANY INCOME THE DISTRICT RECEIVES FROM MILLAGE OR SOURCES WITHIN THE DISTRICT."
AS A RESULT, THE SERVICE DISTRICTS ARE AUTHORIZED BY THE CONSTITUTION TO SERVE OUTSIDE THE DISTRICT, BUT THE DISTRICT MUST CHARGE THE RECIPIENT FOR THE ACTUAL COSTS OF THE SERVICE.
YOUR FINAL QUESTION IS WHETHER THE STATE BOARD OF HEALTH HAS THE POWER TO REQUIRE, BY RULE, THAT THE EMERGENCY MEDICAL SERVICE DISTRICTS MUST SERVE PERSONS OUTSIDE THE DISTRICT. UNDER OKLAHOMA LAW, AN AGENCY HAS THE AUTHORITY TO ESTABLISH REQUIREMENTS BY RULE SO LONG AS THE RULES ARE CONSISTENT WITH THE AUTHORIZING STATUTE'S PURPOSES AND REASONABLY ADAPTED TO CARRY OUT THOSE PURPOSES. EX PARTE WOODRUFF, 210 P.2D 191 (OKLA.1949). IN THAT CASE, THE OKLAHOMA SUPREME COURT FOUND AS FOLLOWS:
 "IT IS REASONABLE TO INDULGE THE PRESUMPTION THAT (THE) RULES AND REGULATIONS WERE ADOPTED TO ACCOMPLISH IN A FAIR AND REASONABLE WAY THE OBJECTS OF THE LEGISLATIVE ACT, AND THIS PRESUMPTION CONTINUES UNTIL THE CONTRARY APPEARS BY COMPETENT AND CONVINCING EVIDENCE." 210 P.2D AT 197.
THE ISSUE YOU HAVE RAISED CONCERNS THE AUTHORITY OF THE STATE BOARD OF HEALTH TO PROMULGATE A RULE WHICH REQUIRES EMERGENCY SERVICE DISTRICTS TO RESPOND TO ALL CALLS, INCLUDING THOSE OUTSIDE OF THE DISTRICT. THE OKLAHOMA EMERGENCY MEDICAL SERVICES ACT IS THE APPLICABLE AUTHORIZING STATUTE. PURSUANT TO STATUTORY MANDATE, THE STATE BOARD OF HEALTH HAS "THE DUTY TO PROMULGATE, ADOPT AND PUBLISH RULES AND REGULATIONS TO CARRY OUT THE REQUIREMENTS OF THE OKLAHOMA EMERGENCY MEDICAL SERVICES ACT." 63 O.S. 1-2512.
THE PRIMARY PURPOSE OF THE OKLAHOMA EMERGENCY MEDICAL SERVICES ACT, AND THE REQUIREMENTS SET FORTH THEREIN, IS TO SOLVE THE CRISIS IN THE EMERGENCY RESPONSE SYSTEM. 63 O.S. 1-2502. THE ACT WAS PASSED TO ENSURE THAT ALL WHO NEED EMERGENCY SERVICE RECEIVE IT. IT IS THEREFORE CONSISTENT WITH THIS PURPOSE FOR THE BOARD OF HEALTH TO REQUIRE EMERGENCY RESPONSE DISTRICTS TO PROVIDE SERVICE OUTSIDE OF THE DISTRICTS. THIS ANALYSIS FINDING THAT THE BOARD'S RULE IS CONSISTENT WITH ITS STATUTORY AUTHORITY IS FURTHER SUPPORTED BY THE FACT THAT THE CONSTITUTION AUTHORIZES THE DISTRICTS TO SEEK REIMBURSEMENT FROM THOSE WHO RECEIVE THE SERVICE OUTSIDE THE DISTRICT. OKLA. CONST. ARTICLE X, SECTION 9(C)
(BRITA HAUGLAND CANTRELL)